IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERTO M. MONTES, JR.,               )
                                       )
                 Petitioner,           )
                                       )
v.                                     )   Case No. 25-3208-JWL
                                       )
C. CARTER, Warden, FCI-Leavenworth,    )
                                       )
                 Respondent.           )
                                       )
_____)

## MEMORANDUM AND ORDER

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation of credits against his sentence. For the reasons set forth below, the Court **denies** the petition.

Petitioner, who is imprisoned within this judicial district, is serving a 108-month sentence, and according to the Bureau of Prisons (BOP), he has a full-term expiration date of April 16, 2027, and a projected release date of March 7, 2026 (including because of the application of Good Conduct Time (GCT) credits). In 2023, petitioner was transferred to prerelease custody at a residential reentry center (RRC). In July 2024, petitioner was charged with a disciplinary violation based on an alleged escape. In October 2024, petitioner was transferred from the RRC to prison, based on misconduct at the RRC, including a June 2024 violation unrelated to the escape incident. In August 2025, petitioner prevailed in his challenge to the escape allegation in a new administrative disciplinary

proceeding, and any prior sanction for that alleged violation was expunged from petitioner's disciplinary record.

In his habeas petition, petitioner claims that the BOP has improperly taken 365 days of First Step Act (FSA) credits that he has earned. Respondent filed an answer to the petition, petitioner filed a traverse, and the matter is therefore ripe for ruling.

First, the petition is subject to dismissal because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner did avail himself of administrative review to challenge his escape violation sanction, and he prevailed in those proceedings. Petitioner has not completed the administrative process, however, with respect to his claim that he has been improperly denied FSA credits despite prevailing on the escape charge. Respondent has submitted evidence that although petitioner filed a grievance at the institution level (which was still pending at the time respondent filed her answer), he has not filed regional and national appeals as required. *See id.* at 1204 (noting administrative steps required for exhaustion). Petitioner concedes in his petition that he has not completely exhausted his administrative remedies.

Petitioner claims that exhaustion would be futile in his case because he is already entitled to release. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner's reliance on timing is not sufficient, however, as the futility exception is not satisfied merely because exhaustion cannot be completed by the release date that would apply if a petitioner

received claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.). Thus, petitioner has not provided a basis for excusing his failure to exhaust in this case.[1]

Moreover, petitioner has not shown that he is entitled to relief on the merits of his petition. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits). Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner has not shown any such violation here, however. Petitioner has not lost FSA credits that he earned – as shown by evidence submitted by respondent, the BOP's sentence calculation records still show that petitioner has earned 365 days of FSA credits towards release and 285 days of FSA credits towards prerelease custody. The problem for petitioner is that under the applicable statutory provisions, those credits may not be applied to petitioner's sentence at this time because he is not presently assessed to have a minimum or low risk of recidivism (his latest assessment shows a high risk). *See* 18 U.S.C. § 3632(d)(4)(C) (inmate must be eligible under Section 3624(g) to have earned FSA credits applied to time in prerelease custody or supervised release); *id.* § 3624(g)(1) (assessments must show minimum or low risk of recidivism for inmate to be eligible for prerelease custody or supervised release). Respondent's evidence

---

[1] Petitioner did not address respondent's exhaustion argument in his traverse.

further establishes that petitioner's now-expunged escape violation plays no part in that outcome, as petitioner's present high-risk assessment is based on petitioner's different violation while at the RRC and multiple subsequent violations in prison, without any consideration for the escape allegation.[2]

Petitioner essentially argues that because his FSA credits were previously applied, contributing to his transfer to the RRC, they must always be applied thereafter. Respondent's evidence does not address how petitioner's FSA credits may have been involved in effecting his transfer to the RRC; but one grievance response submitted by petitioner does suggest that FSA credits were applied at that time. Nonetheless, petitioner has not shown that the BOP has violated federal law in refusing to apply his FSA credits at the present time, as the applicable statutes clearly prohibit such application. Petitioner has not cited any authority to support an argument that the BOP should ignore that statutory prohibition in his case. Effectively, petitioner's inability to have his credits applied now resulted at least in part from his various violations (not including the expunged escape violation) that contributed to his high risk assessment, and petitioner has not shown that the other disciplinary proceedings did not comport with due process. The Court does not agree that applying the FSA statutes according to their unambiguous terms makes them superfluous. Those statutes do not state that FSA credits "vest" once they have been

---

[2] Petitioner relies on an undated email from a prison official in arguing that his overturned escape violation continues to be used by officials to deny him future RRC placement. Even if that were true, however, respondent's evidence clearly demonstrates that the other violations prevent him from receiving the necessary recidivism determination, whether or not the expunged escape violation is considered. Petitioner has not argued or shown that his latest recidivism risk determination was incorrect.

applied, such that they must always be applied thereafter despite an increased recidivism risk. Rather, the statutes quite logically allow for the present situation, in which the prisoner's recidivism risk has been determined to have increased after violations committed while in custody, with the result that the prisoner may lose eligibility for the application of credits as a result of those violations. Petitioner has not shown any violation of federal law with respect to the execution of his sentence; therefore, he is not entitled to relief on the merits of his petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 25th day of November, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge